1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11 | HENRY A. JONES, Jr.,                    Case No.:  3:20-cv-00453-GPC-RBM
12 | CDCR No. P-69574,
                                             **ORDER:**
                                  Plaintiff,
13
                                             **(1)  DENYING MOTION TO**
14              vs.                          **PROCEED IN FORMA PAUPERIS**
                                             **AS BARRED BY 28 U.S.C. § 1915(g)**
15                                           **(ECF No. 2);**
16 | L. TERRONEZ, Correctional Officer; T.
   | RUCKER, Correctional Officer;
17 | CAPTAIN JACKSON; JOHN DOE,             **(2)  DENYING MOTION FOR**
   | I.S.U. Investigation Unit,             **TEMPORARY RESTRAINING**
18                                           **ORDER (ECF No. 9);**
                                  Defendants.
19
20                                           **(3)  DISMISSING CIVIL ACTION**
                                             **WITHOUT PREJUDICE FOR**
21                                           **FAILURE TO PAY FILING FEE**
                                             **REQUIRED BY 28 U.S.C. § 1914(a);**
22
23                                           **AND**
24
                                             **(4)  DENYING AS MOOT MOTION**
25                                           **FOR LEAVE TO FILE**
                                             **SUPPLEMENTAL COMPLAINT**
26                                           **AND ADD DEFENDANTS  (ECF No.**
                                             **10)**
27
28

                                     1

Plaintiff Henry A. Jones, Jr.., currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. Section 1983.  (*See* Compl., ECF No. 1).  Plaintiff alleges that he was sexually assaulted by a correctional officer during a cell search in retaliation for Plaintiff "making [p]rep[a]rations to be a witness in a criminal investigation into the death of an inmate . . . ." (*See id.* at 3, 11.)  After Plaintiff told officials that he planned to file a complaint under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. Section 15601, *et seq.*, a group of correctional officers allegedly conspired to retaliate against Plaintiff by disposing of or giving away Plaintiff's personal property, blocking his phone calls, and failing to report the incident in a manner allegedly required by PREA.  (*See id.* at 3-5.)  In addition to these claims, attached to Plaintiff's Complaint is a self-styled "Lien Complaint" related to the mental health treatment Plaintiff is receiving at RJD and which purports to "arise[] under" the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. Section 701, *et seq.*, among other federal statutes.  (*See id.* at 9-10.)

After filing the Complaint, Plaintiff filed a Motion for Leave to File Supplemental Complaint seeking to add additional details about the alleged sexual assault and subsequent retaliation, and to add as parties additional Defendants who allegedly participated in the retaliation conspiracy against Plaintiff by rejecting his administrative appeals and failing to return certain documents to Plaintiff.  (*See* ECF No. 10.)  Additionally, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") seeking an order enjoining further acts of retaliation and directing that Plaintiff be transferred out of RJD because he is "part of an ongoing investigation, on state and Federal Level," which "may place [his] life in imminate [sic] danger."  (*See* ECF No. 9, at 4.)

Jones has not prepaid the civil filing fee required by 28 U.S.C. Section 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP").  (ECF No. 2.)

///
///

**I.     Motion to Proceed IFP**

**A.     <u>Standard of Review</u>**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011).  Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.*  In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . .").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

3

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act."  *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.**   **Discussion**

**1.  Imminent Danger Exception**

Plaintiff's Complaint, Motion for Leave to File Supplemental Complaint, and Motion for TRO do not contain "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing."  *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  Plaintiff alleges a conspiracy among prison officials that led to Defendant Terronez's alleged sexual assault of Plaintiff, as well as efforts by Defendants Rucker, Jackson, and the unnamed members of the "I.S.U. Office" to take Plaintiff's personal property and to block his phone calls outside the prison.  (*See* Compl. at 3-5, 12.)  Defendants allegedly took these steps because Plaintiff is "a Witness in the death of an inmate who these two def[endants] L. Terronez and T. [Rucker] [were] involved in," and because, after Defendant Terronez allegedly fondled Plaintiff's genitals during a cell search on February 22, 2020, Plaintiff threatened to file a PREA complaint.  (*See id.*

at 3, 7.)  Additionally, the Complaint includes general allegations that the prison's mental health treatment programs violate the ADA and Rehabilitation Act in an unspecified manner apparently not connected to the alleged retaliation.  (*See id.* at 9-10.)  In his Motion for Leave to File a Supplemental Complaint, Plaintiff adds allegations against additional prison officials who reviewed his administrative grievances related to the alleged assault and a Rule Violation Report ("RVR") filed against Plaintiff, arguing that these additional officials are retaliating against Plaintiff by rejecting documents he submits and failing to return documentation necessary for Plaintiff to exhaust his administrative remedies.  (*See* ECF No. 10, at 1-3.)

Plaintiff repeatedly asserts that these allegations show that he is in imminent danger. Specifically, Plaintiff states that as a result of him "not drop[p]ing the Prea Alligation [sic] and the staff misconduct, and now the [p]hone situation, I truly feel that [m]y life is in immin[ent] dan[g]er . . . ."  (*See* Compl. at 8; *see also id.* at 13 ("[B]ecause the large sc[ale] of corruption, and me being a witness to [another] criminal investigation, and [I] practice law, [I] am deemed a threat, [a]nd my life is in [imminent] danger.").)  In the request for relief contained in his Complaint, Plaintiff asks for an order "TO REMOVE ME FROM DANGER" by transferring him to another facility.  (*See id.* at 7 (emphasis in original); *see also id.* at 5 ("I believe [m]y life is in danger. I'[m] [r]equesting [a] TRO. Requesting this [i]nstitution [t]ransfer[] me from this [i]nstitution.").)  In his separate Motion for TRO, Plaintiff repeats similar concerns and adds some allegations about safety in the institution more generally, recounting a past incident in which Defendant Terronez allegedly left a knife on the ground where inmates could access it, concluding that "this [f]acility is danger[ous], and [I] ask this court to transfer me from this [f]acility."  (*See* ECF No. 9, at 3.)  Plaintiff also describes some communications he has allegedly had with the FBI regarding its investigation of the death of another inmate, explaining that "because [he is] part of an ongoing investigation, on state and [f]ederal [l]evel, it may place my life in [imminent] danger."  (*See id.* at 4.)  Concluding his Motion, Plaintiff states that he "want[s] to be not retaliated, and psychologi[c]ally tormented against [sic], and [to receive adequate]

treatment," and that if he remains in the prison his life is "in **immin[ent] Danger**." (*See id.* at 5 (emphasis in original).)

Plaintiff does not plausibly allege in any of his filings that he is being imminently targeted for physical harm, is subject to any impending attack, or that he is facing any viable danger. To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges that he faces must be real, proximate, and/or ongoing at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculation, like Plaintiff's assertion that his involvement in an ongoing investigation "*may* place [his] life in [imminent] danger," (*See* ECF No. 9, at 4 (emphasis added)), incidents of past harm, or the possibility of retaliation, particularly non-physical forms of retaliation like withholding documents or filing disciplinary charges against Plaintiff, are insufficient. *See Cervantes*, 493 F.3d at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations . . . ."); *see also, e.g.*, *Sierra v. Woodford*, No. 1:07-cv-149 LJO GSA (PC), 2010 WL 1657493, at *3 (E.D. Cal. Apr. 23, 2010) ("long, narrative, rambling statements regarding a cycle of violence and vague references to motives to harm" are insufficient to show the prisoner faced "ongoing danger" as required by *Cervantes*); *George v. United States*, No. 3:19-cv-01557-BAS-BLM, 2019 WL 4962979, at *2 (S.D. Cal. Oct. 7, 2019) (alleging "a vast conspiracy involving surveillance, harassment, and intimidation undertaken at the hands of both the state and federal governments" to retaliate against the plaintiff before, during, and after incarceration insufficient to satisfy Section 1915(g)). The only physical harm Plaintiff alleges, the assault by Defendant Terronez, occurred weeks prior to filing the Complaint, and Plaintiff offers nothing more than conclusory allegations that he faced any imminent threat of further physical injury at the time he filed the Complaint or Motions for TRO or to File a Supplemental Complaint. *See Cervantes*, 493 F.3d at 1055; *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient

to invoke the exception to § 1915(g).”); *Law v. Austin*, No. 2:17-cv-2060 JAM AC P, 2020 WL 373575, at *6 (E.D. Cal. Jan. 23, 2020) (“Plaintiff’s fear” that correctional officer would sexually assault plaintiff again “no matter how real, does not demonstrate an imminent threat or ‘high probability’ of further sexual assault existed.”); *Welch v. Fisher*, No. 9:07-CV-0929 (TJM)(DEP), 2007 WL 3231992, at *2 (N.D.N.Y. Oct. 30, 2007) (alleging conspiracy on behalf of prison officials to prevent plaintiff from testifying in federal investigations and retaliation in the form of threats of disciplinary charges did not show imminent danger of serious physical injury). Although the issues Plaintiff alleges with the prison phones and grievance system were apparently ongoing at the time the Complaint or Motion for Leave to File a Supplemental Complaint were filed, these allegations do not rise to the level of “imminent danger of serious physical injury.” *See, e.g.*, *Moore v. Bishoff*, No. CV 17-08188-PCT-DLR (JZB), 2017 WL 6883923, at *2 (D. Ariz. Nov. 9, 2017) (denial of phone access and allegations of ineffective grievance system, among other things, did not demonstrate imminent danger of serious physical injury).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, “in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike.” *See Andrews*, 398 F.3d at 1119-20. That is the case here.

Based on the dockets of many court proceedings available on PACER,[1] the Court finds that Plaintiff Henry A. Jones, Jr., currently identified as CDCR Inmate #P-69574, has had at least five prior prisoner civil actions dismissed on the grounds that they were

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm’t Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and “‘may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.’” *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)  *Jones v. Pregerson, et al..*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal. Dec. 4, 2015) (Order denying motion to proceed IFP and dismissing complaint on the grounds that, among other things, it is "[f]rivolous, malicious, or fails to state a claim") (ECF No. 16)) (strike one);

(2)  *Jones v. Pregerson, et al.*, No. 2:16-cv-0409-TJH-MRW (C.D. Cal. Jan. 27, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds that, among other things, it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" ECF No. 12)) (strike two);

(3)  *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal. Oct. 4, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds that, among other things, it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" (ECF No. 5)) (strike three);

(4) *Jones v. Pregerson, et al..*, No. 2:16-cv-7978-PA-JEM (C.D. Cal. Nov. 8, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds that, among other things, it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted (ECF No. 16)) (strike four)); and

(5)  *Jones v. Pregerson, et al.*, No. 2:19-cv-7875-GW-JEM (C.D. Cal. Nov. 4, 2019) (Order denying motion to proceed IFP and dismissing case on the grounds that, among other things, it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" and Plaintiff's claims were barred by the three strikes provision of Section 1915(g) (ECF No. 11)) (strike five).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least four "strikes" as defined by Section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of

privilege and not right.").

## II.     Remaining Motions

### A. <u>Motion for Temporary Restraining Order</u>

In addition to his Motion for Leave to Proceed IFP, Plaintiff seeks immediate injunctive relief pursuant to Federal Rule of Civil Procedure 65 ordering him transferred from RJD "according to §115.67(b) 'PREA') [sic]" and directing that Plaintiff "be not retaliated[] and psychologically tormented against, and [receive] adequ[ate] treatment." (*See* ECF No. 9, at 1, 3, 5.)  Plaintiff argues that he is experiencing significant stress in the wake of the alleged sexual assault by Defendant Terronez, and that according to Section 115.67(b) of the "prea Manual," "the agency shall employ multiple protection measures, such as housing changes or transfers for inmate victims or abusers,removal [sic] of alleged staff or inmate abusers from contact with vict[i]ms,and [sic] emotional support service for inmate or staff who fear retaliation for reporting sexual abuse or sexual harassment." (*See* ECF No. 9, at 1.)  Plaintiff also reiterates the allegations in his Complaint regarding his phone calls being blocked, recounts a 2019 incident in which Defendant Terronez failed to retrieve a weapon from the ground after breaking up a fight between two inmates, potentially endangering Plaintiff and others, and asserts that certain conduct during recent administrative proceedings demonstrates that prison officials "conspired to violate [Plaintiff's] rights."  (*See id.* at 1-3.)

First, even if Plaintiff were entitled to proceed IFP in this case, to the extent he seeks a TRO without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A); *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).  That said, Plaintiff's Motion does appear to contemplate notice upon an adverse party.  (*See* ECF No. 9, at 3 (requesting an

order pursuant to Rule 65(a) "[s]oon after Counsel may be heard . . . .).)

Second, a plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction).

Plaintiff fails to satisfy these requirements.  Plaintiff has not shown a likelihood of success on the merits of his claim that the Court should order his transfer to another institution. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits . . . .")  Prisoners have no constitutional right to incarceration in a particular prison, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983), and the PREA regulation on which Plaintiff relies, 28 C.F.R. Section 115.67(b), does not require Plaintiff be transferred either. Although Section 115.67(b) requires prisons to protect inmates from sexual assault by staff members, the regulation "do[es] not prescribe any specific steps an agency must take." *See Peterson v. Martinez*, No. 3:19-cv-1447-WHO, 2020 WL 999832, at *8 (N.D. Cal. Mar. 2, 2020) (citing 28 C.F.R. § 115.62).  As for Plaintiff's claim that the Court should issue a TRO enjoining further acts of retaliation or directing that Plaintiff not be "psychologically tormented . . . , and [receive] adequ[ate] treatment," (ECF No. 9, at 5), Plaintiff's claims are too speculative to support the notion that such retaliation or inadequate treatment is imminent. *See, e.g.*, *Haynes v. Biaggini*, No. 2:16-cv-1949-ODW (JEMx), 2019 WL 5209246, at *2 (C.D. Cal. Oct. 16, 2019) (declining to issue a TRO against future acts of retaliation where Plaintiff agreed to testify against a correctional officer because the plaintiff did not "sufficiently link hypothetical future testimony to the hypothetical future

harm."); *see also Lee v. Oregon*, 107 F.3d 1382, 1389 (9th Cir. 1997) (explaining that courts in the Ninth Circuit "have repeatedly found a lack of standing where the litigant's claim rests upon a chain or speculative contingencies.").

Even if Plaintiff could show a likelihood of success on the merits, he also fails to show irreparable injury. As discussed above, Plaintiff's allegations that he is in danger are conclusory and speculative. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). And given the latitude afforded to states in the day-to-day management of prisons, including housing decisions, Plaintiff has not shown that the balance of the equities and public interest weigh in his favor. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (prison officials are entitled to substantial deference); *Sandin v. Connor*, 515 U.S. 472, 482-83 (1995) (suggesting that federal courts should be reluctant to involve themselves in the day-to-day management of prisons); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) ("Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." (citation omitted)).

As a result, Plaintiff's Motion for TRO (ECF No. 9) must be denied.

**B. <u>Motion for Leave to File Supplemental Complaint</u>**

As previously explained, Plaintiff is not entitled to proceed IFP in this action pursuant to 28 U.S.C. Section 1915(g). This conclusion is not altered by the contents of Plaintiff's Motion for Leave to File Supplemental Complaint which, like Plaintiff's Complaint and Motion for TRO, does not contain plausible allegations that Plaintiff is in imminent danger of physical harm as required by Section 1915(g). In light of the Court's dismissal of Plaintiff's action as barred by Section 1915(g), Plaintiff's Motion for Leave to File Supplemental Complaint (ECF No. 10) is denied as moot. *See Hall v. Guila*, Civ. No. 11-cv-2661 BEN (WVG), 2012 WL 827074, at *3 (S.D. Cal. Mar. 9, 2012) (denying as moot motion to file a supplemental complaint in light of dismissal of plaintiff's action).

///

1    **III.    Conclusion and Orders**

2           For the reasons set forth above, the Court:

3           (1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28
4    U.S.C. Section 1915(g);

5           (2)    **DENIES** Plaintiff's Motion for Temporary Restraining Order (ECF No. 9);

6           (3)    **DENIES AS MOOT** Plaintiff's Motion for Leave to File a Supplemental
7    Complaint (ECF No. 10);

8           (4)    **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant
9    to 28 U.S.C. Section 1915(a)(3); and

10          (5)    **DIRECTS** the Clerk of the Court to close the file.

11          **IT IS SO ORDERED**.

12   Dated:  May 14, 2020

13                                              Hon. Gonzalo P. Curiel
14                                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28